WINDOW ROCK DISTRICT COURT

September 1, 1981

No. WR-CR-6261-81

IN THE MATTER OF:
THE STATE OF ARIZONA, Plaintiff, v.

RICHARD L. BEGAY, Defendant.

and concerning in RE: The Law
Practice of WILLIAM P. BATTLES.

Honorable Tom Tso, Judge presiding.


NOTE: This decision has been reversed by the Navajo Court of Appeals, In the Matter of Battles, 3 Navajo R. 92 (1982)


This matter comes before the court on a petition to extradite Richard L. Begay, the defendant, Navajo jurisdiction to the jurisdiction of the State of Arizona for criminal prosecution.

Chief Prosecutor Raymond Tso made a pre-hearing motion to disqualify the defendant's counsel, William P. Battles. The Chief Prosecutor alleges that Mr. Battles is not authorized to practice law pursuant to 7 N.T.C. § 606 in that he is neither a professional attorney nor a member of the Navajo tribe.

The court deferred ruling on the motion to disqualify counsel and directed briefs from both parties concerning this issue, while permitting Mr. Battles to appear for the defendant in this case in order to permit the extradition hearing to go forward, and in order to avoid inflicting an unfair burden on Mr. Begay, since Mr. Begay would have had no way of knowing that Mr. Battles' eligibility to practice law in this court would be an issue.

While Mr. Battles' authority to practice law in this court as it applies to this case might well be considered moot, given his regular practice in this court and the inevitability that the question raised by the Chief Prosecutor will recur, the court deems it appropriate to hear and determine the question of Mr. Battles authority to practice law in this court.

II.

FINDINGS OF FACT

1.   William P. Battles is not an enrolled member of the Navajo Tribe.
2.   William P. Battles is not admitted to practice in any state of the United States, nor the Federal courts.
3.   William P. Battles is not a law school graduate.
4.   William P. Battles has passed the Navajo Nation Bar Association examination.

5.  William P. Battles is a member in good standing with the Navajo Bar Association.
6.  William P. Battles practices law by virtue of his admission to practice before the courts of the Navajo Nation and his membership in the Navajo Nation Bar Association.
7.  William P. Battles practices law within the Navajo Reservation including those parts of the Navajo Reservation located in the states of Arizona, New Mexico and Utah.
8.  William P. Battles represents Navajos and non-Navajos in the courts of the Navajo Nation.

III.

ISSUE

Whether non-Navajos who are not professional attorneys may practice law in Navajo Tribal Courts?

IV.

PREFACE

Both counsel touched on the issue of whether or not the Navajo Nation courts have the power to exercise civil jurisdiction over a non-Navajo member of the Navajo Nation Bar Association. The court, recognizing that this is not the matter at issue herein will only make a brief comment:

The Tribe has the power to exercise civil authority over the conduct of non-Navajos where the conduct threatens or has some direct effect on the political integrity of the Navajo Nation. Practice before the courts directly affects the political integrity of the courts and thus the Navajo Nation. Therefore, there is no question but that non-Navajo practitioners can be regulated. Montana v. U.S. 450 U.S. 544 (1981); Williams v. Lee, 358 U.S. 217(1959).

It is also a fundamental precept of equitable jurisprudence that "he who receives the benefit must also bear the burden." That an individual could receive the benefits of being permitted to practice in the courts of the Navajo Nation and receive remuneration therefrom, and then argue that he was not liable to the jurisdiction of those same courts with respect to his conduct therein is so outrageous as to not require discussion. Certainly any person who practices law in the courts of the Navajo Nation is answerable in those same courts for what he/she does nor what he/she fails to do.

V.

OPINION

A.  SCOPE OF 7 N.T.C. Secs. 601, 606.

The issue centers on whether the Navajo Court of Appeals acted within its authority when it allowed non-Navajo, non-attorneys to practice before its courts. The starting point in an analysis of Navajo

Tribal Court powers is a discussion of the creation of the Navajo Tribal Courts and the source of the courts' powers.

The Navajo Tribal Court system was established by the Navajo Tribal Council pursuant to tribal resolution Number CO-69-58. The Navajo Tribal Council, as the creator of the Navajo court system, determines the scope of the court's powers. Bedonie and Price v. Donaldson, 1 Navajo Rep. 73(1973). In accordance with this principle, the Navajo Court of Appeals states that:

> "the authority of any court, including our own, is derived from the government which created it and such authority to act is limited by the instruments creating it." Id. at 75.

The Navajo Nation courts must look to the Navajo Tribal Council to determine the scope of the Court's authority. 7 N.T.C. § 601 states:

> "a majority of the judges of the Trial Court of the Navajo Tribe may adopt rules of pleading, practice, and procedure applicable to any or all proceedings in the trial court and the Court of Appeals of the Navajo Tribe."

However, with respect to who may practice before Navajo Tribal Courts, 7 N.T.C. § 601 must be read in conjunction with 7 N.T.C. § 606:

> "Professional attorneys shall not appear in any proceedings before the court of the Navajo Tribe unless rules of Court have been adopted as set forth in 7 N.T.C. § 601 prescribing conditions governing their admission and practice before the court. Every defendant shall have the right to have some member of the Tribe represent him and in the event he has no such representation, a representative may be appointed by the Judge. The Judge may appoint a member of the Tribe as prosecutor".

This section explicitly limits the practice of law in the Courts of the Navajo Nation to "professional attorneys" (who may practice if and only if Rules of Court have been adopted governing their admission and practice--as they have); and members of the Navajo Tribe.

The reason for this limitation is perfectly understandable given the reason behind the creation of the Navajo Courts in the first place: Navajo Tribal Council Resolution CO-69-58, which established the courts of the Navajo Nation, was intended to strengthen Navajo sovereignty and avoid the then-existing threat to a state takeover of jurisdiction within the Navajo Nation.

In establishing the courts of the Navajo Nation, the Navajo Tribal Council wanted to ensure that only those who has an appreciation of Navajo custom and tradition would practice law in our Courts. Enrolled members of our Tribe would have such knowledge from their elders and families. Professional attorneys, that is to say law school

graduates who have been admitted to practice in one of the states of the United States, would have learned as a regular part of their course of studies the law of various jurisdictons within and without the United States and would thus have the skills necessary to learn our laws and customs. (Note that 7 N.T.C. § 204(a) makes the customs of our people the legal equivalent of enacted laws of the Navajo Tribal Council).

Non-Navajos who are not law school graduates would neither have learned our customs and traditions, nor would they have been taught how to learn our customs and traditions.

When 7 N.T.C. § 601 and 7 N.T.C. § 606 are read together, the meaning is thus:

> "A majority of the judges of the Trial Court of the Navajo Nation may adopt rules of pleadings, practice and procedure applicable to any or all proceedings in the trial Court and the Court of Appeals of the Navajo Tribe including rules and regulations governing the admission and practice of professional attorneys and enrolled members of the Navajo Tribe".

Mr. Battles is not a member of the Navajo Tribe. Therefore, the question of whether Mr. Battles may practice before Navajo courts centers or whether Mr. Battles is a "professional attorney". Mr. Battles would have this court believe that a "professional attorney" simply means an individual who earns his livelihood by pleading the cause of another before the court. However, this court finds that "professional attorney" refers to an individual who has graduated from an accredited law school and has been admitted to practice before a state court. Mr. Battles does not meet these requirements and therefore is not a professional attorney.*

According to the transcript of the Navajo Tribal Council proceedings of October 17, 1958, the Council discussed "professional attorney". Clearly the Council Delegates were referring to individuals who have graduated from an accredited law school and have been admitted to practice in the State and Federal Courts.

B.  AUTHORITY OF THE COURT OF APPEALS OF THE NAVAJO TRIBE AND THE NAVAJO NATION BAR ASSOCIATION TO ALLOW NON-NAVAJO, NON-PROFESSIONAL PRACTITIONERS TO PRACTICE IN NAVAJO COURTS.

This court finds that the Court of Appeals of the Navajo Nation erroneously granted Mr. Battles the privilege of practicing in Navajo courts. As he has been discussed above, the Navajo Nation Courts

---

*Navajos who are not law school graduates but who are admitted to practice before the Courts of the Navajo Nation have struggled to find a term to describe themselves. The terms "advocate", "Tribal Court Advocate", "Counselor", "agaditshe", "counsel" and others have all been used. The terms "attorney" and "professional attorney" however, have always been limited to law school graduates admitted to practice in some state court.

exercise authority within the limitations set by the Navajo Tribal Council. Admission to the Navajo Nation Bar Association and recognition by the Court of Appeals of the Navajo Nation when such admission has not been sanctioned by the Navajo Tribal Council cannot accord Mr. Battles the privilege of practicing before the Navajo Courts. Until the Navajo Tribal Council give the Navajo Nation Courts the authority to recognize and admit non-Navajo, non-professional practitioners, this Court is without the power to allow Mr. Battles to represent litigants.

## VI.

### IT IS THEREFORE ORDERED AS FOLLOWS:

1. William P. Battles may not hereafter practice law within the boundary of the Window Rock District Court or the Ramah District Court (see Rule 9, Navajo Rules of Court).

2. A copy of this opinion shall be furnished to the other District Courts and Judges of the Navajo Nation.

3. Effectively thirty (30) days after entry of this Order, the Chief Clerk of the Window Rock and Ramah District Courts shall not accept any pleadings, petitions or other court papers unless the initial pleadings or petition filed by any counsel set forth that counsel's authority to practice law in substantially the following form:

I hereby certify that I am counsel for _____ herein and that I am an enrolled member of the Navajo Tribe and/or a graduate of an accredited law school duly admitted to practice in the State of _____, and further that I am a member in good standing of the Navajo Nation Bar Association.